**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

February 27, 2025

## LETTER ORDER

Re: *Fortune Title Agency, Inc v. Fortune Abstract Company LLC, et al.*
    **Civil Action No. 23-1914 (ES) (JBC)**

Dear Parties:

On April 5, 2023, Plaintiff Fortune Title Agency, Inc. filed a complaint asserting several claims against Defendants Fortune Abstract Company, LLC and Fortuna Walker, arising from Defendants' alleged "concerted efforts and schemes . . . to exploit and infringe Plaintiff's recognized brand (and associated goodwill) including [Plaintiff's] intellectual property." (D.E. No. 1 ("Complaint") at 1). Defendants subsequently filed a motion to dismiss the Complaint, (*see* D.E. No. 5), which the Court terminated after multiple requests to adjourn the motion's return date. (*See* D.E. No. 13). Thereafter, the Court held a settlement conference with the parties on October 2, 2023, which resulted in a settlement and the entry of a 60-day Order. (*See* D.E. No. 16).

The Court subsequently granted numerous requests from the parties to extend the 60-day deadline to consummate settlement. (*See* D.E. Nos. 18–30). According to Plaintiff, and wholly undisputed by Defendants, the parties entered into a written agreement to settle this matter on or about February 2, 2024.[1] (D.E. No. 41-1 at 3; *see also* D.E. No. 41-2 at 80–97 (hereinafter the "Settlement Agreement")). However, "[d]espite agreement to material terms . . . [and] to the form of the settlement documents and [Defendants'] counsel's repeated assurances that the settlement documents were acceptable," Defendants did not execute the settlement documents. (D.E. No. 41-1 at 3). On March 15, 2024, Plaintiff submitted a letter to the Court indicating that while Plaintiff had signed the Settlement Agreement, Defendants' counsel had "not yet been able to secure signatures on the settlement documents" (*see* D.E. No. 31), despite the numerous extensions the Court granted. Thereafter, the Honorable James B. Clark, III, U.S.M.J., held several telephone conferences with the parties—on March 27, 2024, April 4, 2024, and May 28, 2024 (*see* D.E. Nos. 34, 35 & 39)—and following these conferences, Judge Clark entered an Order providing Plaintiff shall file a motion to enforce settlement and for costs by no later than June 28, 2024 (*see* D.E. No. 40).

---

[1] This written agreement was meant to memorialize the terms reached during the October 2, 2023 settlement conference. (*See* D.E. No. 41-2 at 2–3).

On June 28, 2024, Plaintiff filed the instant motion to enforce the parties' Settlement Agreement and for an award of attorneys' fees and costs against Defendants. (D.E. No. 41). Plaintiff requested (i) that the Court enforce the provision of the Settlement Agreement requiring Defendants to pay reasonable attorneys' fees and costs in connection with Defendants' failure to execute the Settlement Agreement; and (ii) that the Court award reasonable attorneys' fees and costs and impose sanctions based on Defendants' "bad faith conduct . . . ." (D.E. No. 41-1 at 7). As of the date of this Letter Order, Defendants have not filed any opposition to the instant motion, nor have they requested any extension to respond to the motion.

On January 30, 2025, Judge Clark issued a Report and Recommendation recommending that the Court grant Plaintiff's unopposed motion to enforce the Settlement Agreement. (D.E. No. 44 ("R&R")). Judge Clark also recommended that the Court grant Plaintiff's request for an award of attorneys' fees and costs associated with the present motion pursuant to the Settlement Agreement, but deny Plaintiff's request for an award of attorneys' fees and costs as a result of Defendants' "bad faith conduct." (*Id.* at 6–7). Judge Clark provided the parties fourteen days to file and serve objections to the R&R pursuant to Local Civil Rule 72(b)(2). (*Id.* at 7). The parties did not file any objections.

Having reviewed Judge Clark's R&R in full, and for the reasons stated therein,

**IT IS** on this 27th day of February 2025,

**ORDERED** that this Court **ADOPTS** Judge Clark's Report and Recommendation (D.E. No. 44) in full, as the Opinion of this Court; and it is further

**ORDERED** that Plaintiff's unopposed motion to enforce the Settlement Agreement (D.E. No. 41) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's request for an award of attorneys' fees and costs associated with the present motion pursuant to the Settlement Agreement is **GRANTED**; and it is further

**ORDERED** that Plaintiff's request for an award of attorneys' fees and costs as a result of Defendants' "bad faith conduct" is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**